UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>KB Toys, Inc., et al.[1]<br><br>                         Debtors.<br><br>Residual Trustee, on behalf of the<br>KBTI Trust<br>                         Plaintiff,<br><br>     -v-<br><br>Toy Biz World Wide Ltd., a division of<br>Marvel, Inc.<br>                         Defendant. | Chapter 11 Cases<br><br>Case No. 04-10120<br><br>Jointly Administered<br><br><br><br><br>Adv. Proc. No. 05-_____ |

**COMPLAINT TO (i) AVOID TRANSFERS PURSUANT
TO 11 U.S.C. § 547, (ii) RECOVER PROPERTY TRANSFERRED
PURSUANT TO 11 U.S.C. § 550; AND (iii) OBJECTING TO THE
ALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Abacus Advisors Group, LLC, Residual Trustee, on behalf of the KBTI Trust, (the

"Plaintiff" or "Residual Trustee") established pursuant to the above captioned Debtors' First

---

[1] The Debtors are the following entities: KB Toys, Inc.; KB Acquisition Corporation; Havens Corners Corporation; KB Toys (US), Inc.; Southdale Kay-Bee Toy, Inc.; Mall of America Kay-Bee Toy, Inc.; KB Holdings, LLC; K B Toy of Pennsylvania, Inc.; K B Toy of Massachusetts, Inc.; KB Toy of New Jersey, Inc.; KB Online Holdings LLC; Montgomery Toy LLC; KB Toys Wholesale, Inc.; Travel, Inc. of Pittsfield; Aguadilla Kay-Bee Toy, Inc.; Ala Moana Kay-Bee Toy, Inc.; Atocha Street Kay-Bee Toy, Inc.; Bayamon Kay-Bee Toy, Inc.; Calle Betances Kay-Bee Toy, Inc.; Carolina Kay-Bee Toy, Inc.; Centro Del Sur Kay-Bee Toy, Inc.; Cordero Ave. (Caguas) Kay-Bee Toy, Inc.; Fajardo State Rd. Kay-Bee Toy, Inc.; K B Toy of Alaska, Inc.; K B Toy of Arizona, Inc.; K B Toy of Arkansas, Inc.; K B Toy of California, Inc.; K B Toy of Colorado, Inc.; K B Toy of Connecticut, Inc.; K B Toy of Florida, Inc.; K B Toy of Hawaii, Inc.; K B Toy of Idaho, Inc.; K B Toy of Maryland, Inc.; K B Toy of Nebraska, Inc.; K B Toy of Nevada, Inc.; K B Toy of North Carolina, Inc.; K B Toy of Ohio, Inc.; K B Toy of South Dakota, Inc.; K B Toy of Tennessee, Inc.; KB Toy of Texas, Inc.; K B Toy of Utah, Inc.; K B Toy of Virginia, Inc.; K B Toy of Washington, Inc.; K B Toy of Wisconsin, Inc.; K B Toy of Wyoming, Inc.; K B Toy Distribution South, Inc.; Kay-Bee Caguas Centrum, Inc.; Kay-Bee Carolina, Inc.; Kay-Bee De Diego Street, Inc.; Kay-Bee Del Norte, Inc.; Kay-Bee Guayama, Inc.; Kay-Bee Isabela, Inc.; Kay-Bee Juncos Plaza, Inc.; Kay-Bee Manati, Inc.; Kay-Bee Palma Real, Inc.; Kay-Bee Playa Del Sol, Inc.; Kay-Bee Plaza Acquarium, Inc.; Kay-Bee Plaza Caribe, Inc.; Kay-Bee Plaza Del Atlantico, Inc.; Kay-Bee Toy & Hobby Shops, Inc.; Kay-Bee Western Plaza, Inc.; Kay-Bee Yabucoa, Inc.; Las Americas Kay-Bee Toy, Inc.; Main Street (Yauco) Kay-Bee Toy, Inc.; Mayaguez Kay-Bee Toy, Inc.; Montehiedra Kay-Bee Toy, Inc.; Pheasant Kay-Bee Toy, Inc.; Plaza Del Caribe Kay-Bee Toy, Inc.; and Rio Hondo Kay-Bee Toy, Inc.

Amended Plan of Reorganization Jointly Proposed by the Debtors and the Official Committee of Unsecured Creditors confirmed in these cases by Order dated August 18, 2005 (the "Confirmed Plan") by its undersigned attorneys, as and for its complaint (the "Complaint") to (i) avoid and recover preferential transfers against the above-captioned defendant and/or the defendants, as applicable (collectively the "Defendant"), (ii) recover property transferred pursuant to 11 U.S.C. § 550, and (iii) objecting to the allowance of any claims asserted by Defendant pending return of the subject transfers, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is commenced pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and sections 547 and 550 of the Bankruptcy Code.

3. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409, because this adversary proceeding arises under and in connection with a case pending in this District under the Bankruptcy Code.

4. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E) and (F).

## PARTIES

5. On January 14, 2004 (the "Petition Date"), each of the above-captioned debtors (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6. Upon information and belief, at all times relevant hereto, Defendant was an unsecured creditor of one or more of the Debtors.

2

C:\NrPortbl\RLF1\VL\2959185_1 DOC
RLF1-2959185-1

7. The KBTI Trust was established pursuant to the Confirmed Plan. In accordance with the Confirmed Plan, the Residual Trustee, on behalf of the KBTI Trust, is authorized to pursue substantially all causes of action that arise under Chapter 5 of the Bankruptcy Code, including the within action.

## COUNT I

## AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS

8. Plaintiff re-alleges and re-asserts the allegations set forth in Paragraphs 1 through 7 as though fully set forth herein.

9. Plaintiff has attached hereto and incorporates by reference Exhibit "A," which is a schedule of the transfers that the Plaintiff is currently aware of that were made to the Defendant on or within the ninety (90) day period prior to the Petition Date (collectively, the "Transfers). The Transfers were transfers of an interest in property of one or more of the Debtors.

10. The Transfers were made to or for the benefit of the Defendant, a creditor of one or more of the Debtors.

11. The Transfers were made for or on account of an antecedent debt owed by one or more of the Debtors to the Defendant before the Transfers were made.

12. Upon information and belief, the Transfers were made while one or more of the Debtors were insolvent.

13. The Transfers were made on or within ninety (90) days before the applicable Petition Date.

14. Upon information and belief, the Transfers enabled Defendant to receive more than Defendant would have received if (a) the Debtors' chapter 11 cases were cases under

3

chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) Defendant had received the Transfers to the extent provided by the Bankruptcy Code.

15. By reason of the foregoing, the Transfers constitute avoidable preferences, and the Plaintiff is entitled to an order and judgment avoiding the Transfers under § 547 of the Bankruptcy Code.

16. By reason of the foregoing, the Plaintiff is also entitled to an order and judgment under § 550 of the Bankruptcy Code allowing the Plaintiff to recover, *inter alia*, the amount of the Transfers.

## COUNT II

### RECOVERY OF PROPERTY – 11 U.S.C. § 550

17. Plaintiff re-alleges and re-asserts the allegations set forth in Paragraphs 1 through 16 as though fully set forth herein.

18. Defendant is the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made, or the immediate or mediate transferee of the initial transferee receiving such Transfers.

19. Pursuant to § 550(a) of the Bankruptcy Code, once the Transfers are avoided, the Plaintiff is entitled to recover the Transfers for the benefit of the KBTI Trust.

## COUNT III

### OBJECTION TO CLAIM – 11 U.S.C. § 502(d)

20. Plaintiff re-alleges and re-asserts the allegations set forth in Paragraphs 1 through 19 as though fully set forth herein.

21. Pursuant to § 550(a) of the Bankruptcy Code, once the Transfers are avoided, the Plaintiff is entitled to recover, for the benefit of the KBTI Trust, the Transfers

4

22  Pursuant to § 502(d) of the Bankruptcy Code, the court shall disallow any claim of the Defendant to the extent property is recoverable from under §§ 542, 543, 550, or 553 of title 11, or that is a transferee of a transfer avoidable under §§ 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of title 11, unless Defendant shall have paid the amount recoverable.

23  Until such time as Defendant returns the Transfers to the Plaintiff, Defendant's claims, whether now or subsequently scheduled, filed or otherwise asserted in the above-captioned chapter 11 estates, should be disallowed in its/their entirety.

### RESERVATION OF RIGHTS

24  It is the intent of the Plaintiff to recover all transfers of property of one or more of the Debtors made to the Defendant during the Preference Period and, as such hereby specifically reserves its rights to amend this Complaint to seek to recover such additional transfers, if any, that are not identified on Exhibit "A" and to bring any and all other causes of action that it may maintain against Defendant, including, without limitation, causes of action arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by the Plaintiff reveals such additional transfers or further causes of action.

**WHEREFORE**, the Plaintiffs prays for a judgment granting the relief against the Defendant as set forth below:

A  Avoidance and recovery of the Transfers, pursuant to §§ 547(b) and 550 of the Bankruptcy Code.

B.  Disallowing any claims of Defendant, until it turns over any Transfers to one or more of the Debtors, pursuant to § 502 (d) of the Bankruptcy Code.

C.  An award of prejudgment interest at the maximum legal rate as of the date hereof and an award of post-judgment interest at the maximum legal rate.

RLF1-2959185-1                                                                                                     C:\NrPortbl\RLF1\VL\2959185_1 DOC

D. An award of the costs of the suit herein, including, but not limited to all attorneys' fees and expenses.

E. An award of such other and further relief the Court deems just and proper.

Dated: December 20, 2005
Wilmington, Delaware

Respectfully submitted,

*/s/ Kimberly D. Newmarch*
John H. Knight (DE 3848)
Kimberly D. Newmarch (DE 4340)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Susan Balaschak (SFB 1901)
Brett Nizzo (BN 9463)
TRAUB, BONACQUIST & FOX LLP
655 Third Avenue – 21st Floor
New York, NY 10017
Telephone: (212) 476-4770

Counsel to the Residual Trustee